UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ERYN E.,

                                                                                                  <u>DECISION AND ORDER</u>

                          Plaintiff,

                                                                                                     20-CV-1667L

                               v.

KILOLO KIJAKAZI,
Commissioner of Social Security,

                          Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On September 9, 2017, plaintiff, then twenty-four years old, filed an application for supplemental security income, alleging an inability to work since July 1, 2011. (Administrative Transcript, Dkt. #10 at 10). Her application was initially denied. Plaintiff requested a hearing, which was held on July 20, 2019 before Administrative Law Judge ("ALJ") Mary Mattimore. The ALJ issued a decision on August 16, 2019 concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #10 at 10-25). That decision became the final decision of the Commissioner when the Appeals Council denied review on September 14, 2020. (Dkt. #10 at 1-3). Plaintiff now appeals.

The plaintiff has moved for judgment remanding the matter for the calculation and payment of benefits or in the alternative for further proceedings (Dkt. #12), and the Commissioner has cross

moved (Dkt. #13) for judgment on the pleadings, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records, documenting treating for myalgia, cervicalgia, major depressive disorder (recurrent, moderate), generalized anxiety disorder, and panic disorder without agoraphobia, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #10 at 12). Applying the special technique for mental impairments, the ALJ concluded that plaintiff has no limitation in understanding, remembering, and applying information, is moderately limited in social interaction, moderately limited in concentrating, persisting, and maintaining pace, and moderately limited in adapting or managing herself. (Dkt. #10 at 12-13).

Upon consideration of the record, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work, with a limitation to low stress jobs, defined as simple, routine work involving simple workplace decisions and no work at a production rate or assembly line pace. Plaintiff can maintain attention and concentration for up to two hours at a time, and can tolerate minimal changes in workplace processes and settings. She can have no more than

occasional interaction with supervisors, cannot interact with coworkers for more than 10% of the day, cannot perform tandem or team work, and can have no contact with the public. (Dkt. #11 at 26).

Given this RFC at the hearing, vocational expert Jay Steinbrenner testified that such an individual could perform the representative unskilled, light exertion positions of plastic molding injector, small product assembler, and electronics subassembler. (Dkt. #10 at 24, 85). The ALJ accordingly found plaintiff not disabled.

I believe the evidence supports the ALJ's findings concerning the nature and extent of plaintiff's limitations, and that her finding that the plaintiff was not disabled was supported by substantial evidence and was not the product of reversible legal error.

## I.     The ALJ's Physical RFC Finding

Initially, plaintiff argues that remand is necessary to address an inconsistency between the ALJ's Step Three finding that plaintiff was "moderately" limited in social interaction, and the ALJ's RFC finding that plaintiff could interact only occasionally with supervisors, for no more than 10% of the workday with coworkers, and never with the public. Plaintiff contends that the ALJ failed to explain why her RFC finding contained far more extreme social limitations than a "moderate" limitation in social interaction would require, and that the Court will be unable to discern the ALJ's reasoning for the inconsistency, thus frustrating meaningful review.

The Court disagrees. "It is well established that a Step 3 determination is not an RFC assessment, but instead is used to rate the severity of mental impairment. A determination made at Step 3 therefore need not carry over verbatim to the ultimate RFC determination because the two determinations require distinct analysis." *Lynneesa M. v. Comm'r of Soc. Sec.*, 2021 U.S. Dist. LEXIS 185027 at *12 (W.D.N.Y. 2021) (quoting *Jay v. Comm'r of Soc. Sec.*, 2018 U.S. Dist.

LEXIS 130772 at *8 (W.D.N.Y. 2018) (citations omitted)). Accordingly, an inconsistency between a Step Three finding and an RFC determination does not warrant remand, unless "the Court [is] unable to discern the ALJ's reasoning or reconcile [the] inconsistent findings[.]" *Id.*, 2018 U.S. Dist. LEXIS 130772 at *9-*10. *See also Eric G. v. Comm'r of Soc. Sec.*, 2021 U.S. Dist. LEXIS 49148 at *13 (W.D.N.Y. 2021).

Such is not the case here: the ALJ set forth her reasoning in sufficient detail to explain the discrepancy. Initially, the ALJ's Step Three determination that plaintiff had no more than "moderate" limitations in interacting with others was supported by substantial evidence of record, including the opinion of reviewing physician Dr. L. Blackwell that plaintiff could have "brief and superficial" contact with others (Dkt. #10 at 328), mental health treatment records that consistently noted a cooperative and appropriate demeanor and good judgment, and plaintiff's own testimony concerning positive relationships with her family and boyfriend. (Dkt. #10 at 14).

In finding that plaintiff's RFC nonetheless required significant limitations on plaintiff's interactions with supervisors, coworkers, and the public, the ALJ acknowledged plaintiff's moderate difficulties in other areas such as maintaining concentration, and also credited plaintiff's testimony that she sometimes experienced panic attacks in large groups or when among strangers, and had lost previous jobs due to "her anxiety and social interaction issues." (Dkt. #10 at 21, 23, 51, 213-14). The ALJ explained that the RFC limitations, including those relative to social interaction, were intended to account for the combined effects of those problems, by minimizing plaintiff's exposure to specific, known stressors. (Dkt. #10 at 21, 23). The ALJ's explanation is well supported by the record, and I find no error therein.

## II.     The ALJ's Mental RFC Finding

Plaintiff also argues that the ALJ failed to properly assess the opinions of her treating mental health care providers, and thus reached an RFC unsupported by substantial evidence. Specifically, plaintiff argues that the ALJ failed to consider the supportability, consistency, specialization, and relationship factors set forth in 20 C.F.R. §404.1520c(a).

The record contained a June 12, 2019 opinion from plaintiff's treating social worker, Ms. Katherine Smythe, cosigned by plaintiff's treating psychiatrist, Dr. Syed Ahmed, as well as a July 24, 2019 narrative letter from Ms. Smythe. (Dkt. #10 at 409-11, 459-61). They opined that plaintiff had "poor to no" ability to maintain attention and concentration, work in proximity to others without undue distraction, ask simple questions or seek assistance, accept instructions, or respond appropriately to supervisors, or respond appropriately to changes in the work setting.

The ALJ found these opinions "somewhat persuasive," but declined to fully credit them in determining plaintiff's functional mental limitations. In so doing, the ALJ identified the treating sources' credentials and relationship to the plaintiff, and addressed their opinions' supportability and consistency with contemporaneous treatment notes, plaintiff's testimony, and the record as a whole. Specifically, the ALJ noted that the mental status examination that most closely preceded the June 12, 2019 opinion had included entirely normal objective findings. (Dkt. #10 at 406). Indeed, the majority of plaintiff's psychiatric treatment notes showed a cooperative attitude, fair to normal attention and concentration, appropriate thought processes, and intact insight and judgment, even when plaintiff was experiencing symptoms of depression or anxiety. (Dkt. #10 at 345-46, 349, 385, 387, 389, 392, 394, 396, 398).

The ALJ further noted that Dr. Ahmed's and Ms. Smythe's opinions were inconsistent with plaintiff's testimony that her previous work attempts had been unsuccessful due to anxiety and

difficulties with social interaction, and not because of any problems with supervisors, difficulties adjusting to changes, or inability to carry out directions.

The extreme and wide-ranging limitations described by Dr. Ahmed and Ms. Smythe were also facially inconsistent with plaintiff's activities of daily living, which included writing and self-publishing two novels, shopping, and spending time with family members and a boyfriend (Dkt. #10 at 208, 210-213, 326, 385), and with plaintiff's expressed hope of using the proceeds of any disability award to live independently and attend school. (Dkt. #10 at 23).

An ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in h[er] decision," and the ALJ was "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole." *Matta v. Astrue*, 508 Fed. App'x 53, 56 (2d Cir. 2013). Here, I find that the ALJ gave due consideration to the appropriate factors in weighing Dr. Ahmed's and Ms. Smythe's opinions, and that her determination that they were only "somewhat persuasive" – and that plaintiff had the mental RFC to perform a limited range of unskilled work – was sufficiently supported.

### III.     The ALJ's Reliance on the Vocational Expert's Testimony

Plaintiff also contends that the ALJ erred when she relied on the vocational expert's testimony that there were light, unskilled jobs plaintiff could perform despite her social limitations, because the ALJ's testimony allegedly conflicts with an agency manual that describes the ability to interact with supervisors, coworkers, and the public without being "unduly" distracted by them as a "basic mental demand" of unskilled work.

The Court disagrees. Initially, the question asked of the vocational expert did not accurately quote the guidance manual excerpt on which plaintiff relies, and as such, the testimony cannot be said to conflict with it. Specifically, the guidance at issue speaks of unskilled work as requiring

6

the ability to work near or with others without being "unduly" distracted by them, whereas the question asked of the vocational expert by plaintiff's counsel referenced the ability to work near or with others without being distracted by them at all. (Dkt. #10 at 89). Because the question asked of the vocational expert was broader than the agency guidance plaintiff now invokes, his answer cannot be said to have conflicted with it.

In any event, the ALJ made no finding that plaintiff's social interaction limitations were related to an inability to avoid being distracted by others (unduly or otherwise), and the vocational expert specifically testified that the three unskilled positions he had identified required no more than "incidental" contact with coworkers, and no contact with the general public. I find no error in the ALJ's reliance upon that testimony.

I have considered the rest of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not the product of legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #12) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #13) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety. Plaintiff's complaint is, therefore, dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 20, 2021.